TODD W. BURNS
California State Bar No. 194937
Burns & Cohan, Attorneys at Law
501 West Broadway, Suite 1510
San Diego, California  92101
Telephone:  (619) 236-0244
todd@burnsandcohan.com

Attorneys for R.C., Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| R.C.,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br>ANDREW JONES,<br>DOES 1-20,<br><br>    Defendants. | Case No. _____<br><br>Civil Rights Action<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

## INTRODUCTORY STATEMENT

1. From September 2019 until September 2022, Plaintiff was an inmate at Federal Correctional Institution Dublin (FCI Dublin), a women-only federal prison located in Dublin, California, and operated by the federal Bureau of Prisons (BOP).

2. Plaintiff was one of several prisoners who suffered sexual abuse at the hands of BOP officials at FCI Dublin during that time period – abuse that was astoundingly pervasive and perpetrated by a range of BOP officials that included the Warden and the Chaplain.

3. Plaintiff was repeatedly abused by Andrew Jones, a guard who supervised her when she worked in FCI Dublin's kitchen.  That abuse included rape and multiple

sexual acts over six separate incidents. Furthermore, Defendant Jones (a) physically abused Plaintiff by body-slamming her to the ground in front of other inmates, (b) repeatedly threatened to physically harm her, and (c) demeaned, humiliated, and psychologically tortured her in ways large and small.

4. Defendant Jones also mixed into his abuse moments of apparent kindness and flirtation, in a way that seemed designed to prey on Plaintiff's vulnerabilities and past trauma and contributed to her mental and emotional torment.

5. Because of the nature of the facts involved in this case, Plaintiff is filing this complaint with an anonymized name and she will file a motion to proceed in this case under that name.

## JURISDICTION, VENUE, AND EXHAUSTION

6. This action arises under the United States Constitution, *see, e.g., Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671 *et seq.*; and California law.

7. Jurisdiction. This Court has original jurisdiction over the Constitutional and Federal Tort Claims Act causes of action included herein under 28 U.S.C. §1331, which states that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has supplemental jurisdiction over the California law claims included herein under 28 U.S.C. §1367(a), which states that the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The federal and state claims in this complaint rely on the same core facts.

8. Venue. Venue is proper in the Northern District of California because most, or all, of the conduct underlying Plaintiff's claims occurred within this district, in Dublin, California, in Alameda County. *See* 28 U.S.C. §1391.

9. Divisional assignment. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff will be filing a notice of related cases in that regard.

10. On September 16, 2022, Plaintiff mailed an administrative claim under the Federal Tort Claims Act (FTCA) to the Bureau of Prisons (BOP), based on the facts set out herein. After not receiving an acknowledgment of receipt of that claim, Plaintiff's counsel followed up with BOP, which finally acknowledged receipt of the claim on December 13, 2022. BOP has not responded to that claim, and six months has passed since the BOP acknowledged receiving the claim on December 13, 2022, thus Plaintiff has exhausted her administrative remedies. *See* 28 U.S.C. §2675(a).

## PARTIES

11. Plaintiff was, at all times relevant to this lawsuit, incarcerated at FCI Dublin.

12. Defendant United States of America is a sovereign governmental entity but has waived its sovereign immunity and consented to being sued under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b) and 2671, *et seq*.

13. Defendant Andrew Jones was, at all times relevant to this lawsuit, employed as a correctional officer at FCI Dublin, which is part of the federal Bureau of Prisons (BOP), which is part of the United States Department of Justice and Defendant United States of America. At all times relevant to this lawsuit, Defendant Jones acted, in full or in relevant part, in an official capacity, within the scope of his employment and under color of law.

14. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Does 1-20, thus they are sued under such fictitious names. Plaintiff will seek leave to amend the complaint to allege such names and capacities as soon as they are ascertained. At all times relevant to this lawsuit, Defendant Does

1-20, or some of them, acted, in full or in relevant part, in an official capacity, within the scope of their employment and under color of law.

## FACTUAL ALLEGATIONS

15. FCI Dublin is an all-female prison facility located in Dublin, California. It is comprised of a low security prison and an adjacent minimum-security satellite camp. It houses approximately 500 female inmates.

16. As evidenced in over a dozen criminal and civil cases filed in this Court in the last year, and detailed in a December 13, 2022 Staff Report by the United States Senate's Permanent Subcommittee on Investigations, titled *Sexual Abuse of Female Inmates in Federal Prisons* (widely available online), FCI Dublin has a lengthy and pervasive history of BOP personnel sexually abusing inmates. The perpetrators of that "horrific abuse" have included FCI Dublin's Warden, Chaplain, and many other BOP officials, who have subjected "multiple women" to "ongoing sexual abuse for months or years." *Id.* at 12.

17. The BOP and its officials have willfully failed to comply with provisions of the Prison Rape Elimination Act ("PREA"), which was enacted in 2003 and is intended, as the name suggests, to at least reduce, and hopefully eliminate, rape and sexual abuse in federal prisons. PREA includes requirements, and provides tools, to "prevent, detect, and stop recurring sexual abuse." *See id.* at 1. The BOP has failed to follow those requirements, and use those tools, and has instead allowed sexual abuse to flourish at FCI Dublin and elsewhere. *See id.*

18. That gross dereliction is also evident in the BOP's and Department of Justice's (DOJ) glaring under-staffing of the entities intended to investigate, stop, and punish sexual abuse of inmates by guards. With respect to the BOP, its Office of Internal Affairs (OIA), which investigates sexual abuse by guards, has "seriously flawed investigative practices" and "a backlog of 8,000 internal affairs cases, including at least hundreds of sexual abuse cases." *See id.* The DOJ's Office of Inspector General (OIG), which "has the primary responsibility for criminal

investigations into allegations of misconduct by current BOP employees," has such limited resources that it "is only able to pursue a fraction of the allegations of criminal misconduct, including sexual abuse of female prisoners by employees." *Id.* at 27. This pervasive failure to investigate, much less attempt to rectify and punish, sexual abuse in federal prisons has been most prominent at FCI Dublin. And what the BOP has fostered is a "lack of accountability" that has seeped into the "culture of BOP facilities nationwide," making "prisons less safe." *Id.* at 26. Nowhere has that been more evident than at FCI Dublin.

19. This abusive culture has been apparent to BOP leadership and personnel for years, particularly with respect to FCI Dublin. But those officials have failed to take obvious corrective actions to protect female inmates from predation by BOP employees, including actions required by PREA. (Admittedly, the DOJ has undertaken several prosecutions related to this abuse lately, but whether that marks a change in the longstanding BOP culture of abuse and inaction remains to be seen.)

20. The widespread abuse and inaction by the BOP is especially disturbing, and reprehensible, because it is well-established that "[w]omen entering prison are more likely to have experienced physical and/or sexual abuse as children and adults, as compared to men in prison. According to a February 2020 report by the U.S. Commission on Civil Rights, research suggests that at least 50 percent of women entering prison report that they experienced physical and/or sexual abuse before their incarceration. They are also significantly more likely to be sexually harassed and abused while incarcerated. According to the National Standards to Prevent, Detect, and Respond to Prison Rape: Final Rule, women with histories of sexual abuse – including women in prisons and jails – are particularly traumatized by subsequent abuse." *Id.* at 6. In short, women inmates often come into prison with a history of abuse that imbues them with a feeling of vulnerability and worthlessness, and that is compounded substantially when they are abused by government and law enforcement
//

officers who are supposed to protect them. The sense of hopelessness and worthlessness reaches its apex. All of these dynamics apply to Plaintiff.

21. In July 2019, Plaintiff was sentenced to serve 105 months in the custody of the BOP for drug offenses.

22. In or about September 2019, Plaintiff arrived at FCI Dublin, where she had been designated to serve her federal sentence. Plaintiff has been in continuous federal custody, serving that sentence, since that time, and even since before her July 2019 sentencing.

23. In or about January 2020, Plaintiff was assigned to, and began working in, the kitchen at FCI Dublin.

24. In or about March 2020, Defendant Jones began working at FCI Dublin as a correctional officer, in which capacity he supervised inmates working in the kitchen.

25. In or about April or May 2020, Defendant Jones began flirting with Plaintiff, telling her things such as that she needed a "real man" like him, and that he wanted to have children with her. Defendant Jones also bragged to Plaintiff about what he claimed were his many positive attributes, and showed Plaintiff photographs of his children, claiming that he was divorced from their mother.

26. In the ensuing months, Plaintiff's work in the kitchen was cut-back substantially due to Covid-19, and because other inmate units were being used to staff the kitchen. As a result, she had very little contact with Defendant Jones during this time period.

27. In or about February 2021, Plaintiff again began working in the kitchen on a regular basis. Defendant Jones was supervising inmates in the kitchen at that time and he resumed flirting with Plaintiff, telling Plaintiff things such as, "all I can think about is you." After this flirting persisted for a few weeks, Plaintiff began to respond positively because she was charmed by Defendant Jones and she felt pressure due to

//

the circumstances, including the unequal power-dynamic between her and Defendant Jones.

28. In March 2021, in response to Defendant Jones's flirtations, Plaintiff asked Defendant Jones for a hug. Defendant Jones responded by telling Plaintiff to go into a nearby staff bathroom and wait for him, which she did. Shortly thereafter, Defendant Jones entered the bathroom and subjected Plaintiff to forcible vaginal and oral sex – there was no hug, and nothing that, even in a non-custodial setting, could be viewed as consent to sexual intercourse. The sexual contact was immediate and forceful, and left Plaintiff bleeding profusely. After he was finished, Defendant Jones told Plaintiff to clean up her blood off the furniture and floor, and he walked out of the bathroom. Plaintiff then hurried out of the bathroom crying and asked another inmate to clean up the blood, after which she went to take a shower and change her clothes. Defendant Jones later apologized to Plaintiff for having raped her.

29. Over the next several months, through September 2021, Defendant Jones had unlawful sexual intercourse with Plaintiff on five other occasions. Defendant Jones never used a condom, and on several occasions he caused Plaintiff to bleed.

30. During this time period, Defendant Jones's treatment of Plaintiff fluctuated wildly and unpredictably, demonstrating his emotional instability and extreme cruelty. Sometimes he was friendly and flirtatious, other times he threatened Plaintiff and was psychologically, physically, and sexually abusive towards her. Several times Defendant Jones threatened Plaintiff with physical violence in front of other inmates, with a favorite threat being, "I'll break your bones." On one occasion, without any provocation or warning, Defendant Jones picked-up Plaintiff in front of other inmates and body-slammed her on the ground, after which he told the other inmates that was what he used to do to people when he was a police officer. On another occasion, Defendant Jones took a photograph of Plaintiff's naked buttocks. These are just a few of many events involving sexual, physical, and psychological abuse that Defendant Jones inflicted on Plaintiff over the course of several months.

31. Plaintiff did not report Defendant Jones's abuse because she was afraid and she had learned that there was a culture of sexual abuse at FCI Dublin and reporting staff abuse on inmates was futile, or, worse, could lead to retribution against her, such as her being put in solitary confinement.  She also suffered from a swirl of emotions, including shame and humiliation.

32.  Defendant Jones was suspended or terminated from employment at FCI Dublin in or about February or March 2022.

33.  On July 11, 2023, Defendant Jones signed a plea agreement in which he agreed to plead guilty to a federal information charging him with six counts of sexual abuse of an inmate and one count of making a false statement to government investigators.  Two of the sexual abuse counts to which Defendant Jones agreed to plead guilty involve his sexual abuse of Plaintiff, and in his plea agreement Defendant Jones admitted that he repeatedly sexually abused Plaintiff and two other inmates at FCI Dublin.  The information and the plea agreement were filed in this Court on July 13, 2023, in *United States v. Andrew Jones*, N.D. Cal. No. 4:23-cr-0212.

34.  Plaintiff is informed and believes that Defendant Jones engaged in sexual, assaultive, and other misconduct with several other female inmates at FCI Dublin, beyond the three mentioned in his plea agreement.

35.  Defendant Does 1-20, or some of them, were, or reasonably should have been, aware of Defendant Jones's misconduct, and/or the risk Defendant Jones would commit such misconduct, prior to and during the time that he abused Plaintiff, but they willfully or recklessly ignored the same, and did nothing to protect Plaintiff from the known and obvious risk of harm she and other inmates faced from Defendant Jones.

36.  Defendant Jones's misconduct described above could not have occurred but for the help, assistance, and/or acquiescence of other officials at FCI Dublin or within the BOP, including some, or all, of Defendant Does 1-20, who had a duty to protect inmates from this predatory behavior but failed to do so.

37. During all of the misconduct described above, Defendants Jones and Does 1-20, or some of them, were acting within the scope of their employment as employees of the United States government, and under the color of their authority as federal correctional or law enforcement officers, or as agents of FCI Dublin and/or the Bureau of Prisons.

38. Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this complaint.

39. Defendants, and each of them, at all times mentioned in this complaint conspired with, and concurred and contributed to the various acts and omissions of, each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this complaint.

40. Defendants, and each of them, at all times mentioned in this complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this complaint.

41. Defendants, and each of them, at all times mentioned in this complaint aided and abetted, and caused, the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this complaint.

42. As a proximate cause of the Defendants' actions and omissions, Plaintiff suffered physical injury to her body, and Plaintiff suffered, and continues to suffer, mental and emotional distress, anxiety, humiliation, and fear, and the physical manifestations of such.

## FIRST CAUSE OF ACTION
**[*Bivens* claim under Eighth Amendment to United States Constitution – Against Defendants Jones and Does 1-20]**

43. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

44. As discussed above, Defendant Jones touched Plaintiff in a sexual and abusive manner, and engaged in sexual and abusive conduct toward Plaintiff for his own gratification, and physically battered her, and in doing so he caused her, among other things, obvious physical injuries for which she should have received immediate medial care.  Furthermore, he acted for the purpose of humiliating, degrading, and demeaning Plaintiff.

45. Under the Eighth Amendment to the United States Constitution, a prisoner has the right to be free from "cruel and unusual punishment." Defendants Jones and Does 1-20, or some of them, deprived Plaintiff of her rights under the Eighth Amendment when Defendant Jones committed the abusive conduct described above, and Defendant Jones and Does 1-20, or some of them, failed to seek or provide Plaintiff with medical care caused by that misconduct, all while acting under color of law.

46. As a result, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

47. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
**[*Bivens* claim under Eighth Amendment to United States Constitution, Failure to Protect – Against Defendant Does 1-20]**

48. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

49. Defendant Does 1-20, or some of them, made an intentional decision with respect to the conditions under which Plaintiff was confined, specifically they gave Defendant Jones access to, and authority over, Plaintiff as an FCI Dublin correctional

officer, while knowing, or recklessly disregarding, the risk of harm he presented to Plaintiff.

50.  Those conditions and circumstances put Plaintiff at substantial risk of suffering serious harm.

51. Defendant Does 1-20, or some of them, did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of Defendants' conduct, or failure to act, obvious.

52.  As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

53.  In doing, and omitting to do, what is alleged above, Defendant Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

**[*Bivens* claim under Fourth Amendment to United States Constitution – Against Defendants Jones and Does 1-20]**

54.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

55.  Plaintiff has a Fourth Amendment right to be free from unreasonable searches and seizures and excessive force.  Defendants Jones and Does 1-20, or some of them, violated those rights through the conduct described above, which was not authorized by a warrant or any other legal justification.

56.  As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

57. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### [*Bivens* Supervisory Liability – Against Defendant Does 1-20]

58. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

59. In doing, or omitting to do, the things alleged above, Defendant Does 1-20, or some of them, acted in a supervisory capacity under color of law.

60. The acts or omissions of those supervisory Defendants deprived Plaintiff of her rights under the Fourth and Eighth Amendments to the United States Constitution.

61. The supervisory Defendants: (a) directed their subordinate(s) in the acts or omissions that deprived Plaintiff of these rights; (b) set in motion a series of acts by their subordinate(s), or knowingly refused to terminate a series of acts by their subordinate(s), that they knew or reasonably should have known would cause the subordinate(s) to deprive Plaintiff of these rights; and (c) knew that their subordinate(s) were engaging in these acts and knew or reasonably should have known that the subordinate's or subordinates' conduct would deprive Plaintiff of these rights.

62. Furthermore, the supervisory Defendants: (a) failed to act to prevent their subordinate(s) from engaging in the conduct described above, or disregarded the known or obvious consequence that a particular training deficiency or omission would cause their subordinate(s) to violate Plaintiff's constitutional rights, and that deficiency or omission actually caused their subordinate(s) to deprive Plaintiff of her constitutional rights; and (b) engaged in conduct that showed a reckless or callous

indifference to the deprivation by the subordinate(s) of the rights of others, including Plaintiff.

63. The supervisory Defendants' conduct was so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

64. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

65. In doing, and omitting to do, what is alleged above, Defendant Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**[Sexual Battery under California law – Against Defendant Jones]**

66. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

67. With respect to the conduct described above, Defendant Jones: (a) intended to cause harmful or offensive contact with Plaintiff's vagina, mouth, and breasts, and sexually offensive contact resulted, either directly or indirectly; and (b) intended to cause harmful or offensive contact with Plaintiff by use of his penis and hands, and sexually offensive contact with Plaintiff resulted, either directly or indirectly. Furthermore, Defendant Jones caused an imminent fear of harmful or offensive contact in the manner described in (a) and (b) above.

68. Plaintiff did not consent to the conduct described above, and, under the circumstances, any consent would have been invalid due to the inmate-jailor relationship.

69. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

70. In committing the acts alleged above, Defendant Jones acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

**[Battery under California law – Against Defendant Jones]**

71. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

72. Defendant Jones touched Plaintiff with the intent to harm or offend her.

73. Plaintiff did not consent to the touching, nor could she validly consent due to the inmate-jailer relationship. Furthermore, a reasonable person in Plaintiff's situation would have been offended by the touching, and Plaintiff was harmed and offended by the touching.

74. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

75. In committing the acts alleged above, Defendant Jones acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

**[Negligent Hiring, Retention, Supervision, Training, and Control under California law – Against Defendant Does 1-20]**

76. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

77. Defendant Does 1-20, or some of them, were responsible for hiring, training, supervising, and/or retaining in employment Defendant Jones.

78. Those Defendants were aware, or reasonably should have been aware, that Defendant Jones was, or became, unfit to perform the work for which he was hired and employed, and that Defendant Jones's unfitness created a risk to others, including to Plaintiff.

79. Defendant Jones's unfitness for his job caused harm to Plaintiff, and the negligence of Defendant Does 1-20, or some of them, in hiring, training, supervising, and/or retaining Defendant Jones was a substantial factor in causing Plaintiff's harm.

80. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

81. In doing, or omitting to do, what is alleged above, Defendant Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### [Negligence under California law – Against Defendant Jones and Does 1-20]

82. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

83. In committing and permitting to be committed the acts set out above, Defendants Jones and Does 1-20, or some of them, breached their duty to Plaintiff and were negligent in that they acted, or failed to act, as a reasonable person would in a similar situation.

84. Defendants' negligence was a substantial factor in causing harm to Plaintiff, and as a result Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

85. In doing, or failing to do, what is alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### NINTH CAUSE OF ACTION
### [Cal. Civ. Code §52.1 – Bane Act –
### Against Defendants Jones and Does 1-20]

86. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

87. Defendants Jones and Does 1-20, or some of them, are liable to Plaintiff for the unconstitutional and unlawful conduct described above, and through coercion and/or threats those Defendants violated Plaintiff's rights under federal Constitutional and statutory law, and under California Constitutional, statutory, and common law, thereby entitling her to recover general, compensatory, and statutory damages under California Civil Code §§52.1 and 52.

88. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

//
//
//

COMPLAINT FOR DAMAGES

## TENTH CAUSE OF ACTION
### [Cal. Civ. Code §52.4 – Geneder Violence –
### Against Defendants Jones and Does 1-20]

89. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

90. Defendants Jones and Does 1-20, or some of them, are liable to Plaintiff for gender violence under California Civil Code §52.4, in that they are responsible for: (a) one or more acts that would constitute a criminal offense under California law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of Plaintiff; and (b) a physical intrusion or physical invasion of Plaintiff of a sexual nature under coercive conditions.

91. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## ELEVENTH THROUGH SIXTEENTH CAUSES OF ACTION
### [Claims Against the United States Under the FTCA]

92. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

93. Some, or all, of the above-described conduct, and other related actions, of Defendants Jones and Does 1-20 was committed within the course and scope of their employment by Defendant United States of America, and under the Federal Tort Claims Act (FTCA) the United States is liable for those torts committed within the course and scope of those Defendants' employment.

94. Accordingly, for the eleventh through sixteenth causes of action Plaintiff alleges claims under the FTCA based on the California torts, and allegations, set out

and incorporated in the fifth through tenth causes of action above, respectively. Thus: (1) the FTCA claim for the eleventh cause of action is based on a claim of sexual battery under California law (based on the allegations in the fifth cause of action); (2) the FTCA claim for the twelfth cause of action is based on a claim of battery under California law (based on the allegations in the sixth cause of action); (3) the FTCA claim for the thirteenth cause of action is based on a claim of negligent hiring, retention, supervision, training, and control under California law (based on the allegations in the seventh cause of action); (4) the FTCA claim for the fourteenth cause of action is based on a claim of negligence under California law (based on the allegations in the eighth cause of action); (5) the FTCA claim for the fifteenth cause of action is based on violation(s) of California Civil Code §52.1 (based on the allegations in the ninth cause of action); and (6) the FTCA claim for the sixteenth cause of action is based on violation(s) of California Civil Code §52.4 (based on the allegations in the tenth cause of action);

95. In committing the acts alleged above, Defendants Jones and Does 1-20 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages with respect to the tenth through fourteenth causes of action, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general and compensatory damages, in an amount to be proven at trial;
2. For exemplary and punitive damages, in an amount to be proven at trial;
3. For incidental damages;
4. For special damages;
5. For civil penalties, as provided by law;
6. For prejudgment interest, as provided by law;

7. For costs of suit herein, including reasonable attorneys fees (including as required under California Code of Civil Procedure §1021.4); and

8. For such other relief and damages to which Plaintiff is entitled pursuant to state or federal law.

Dated:  July 26, 2023          s/ *Todd W. Burns*
                               Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated:  July 26, 2023          s/ *Todd W. Burns*
                               Attorney for Plaintiff